# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHAEL BURKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | Civil Action No. 4:22-cv-3480 |
| | § | |
| | § | |
| **FLAGSTAR BANK,** | § | |
| **Defendant.** | § | |

## DEFENDANT FLAGSTAR BANK'S MOTION TO DISMISS

Defendant Flagstar Bank ("Flagstar") files this Motion to Dismiss Plaintiff Michael Burke's ("Burke") and Plaintiff Justina De Pasquale's [1] ("Plaintiff Trustee" and together with Burke, "Plaintiffs") First Amended Complaint ("Complaint") pursuant to FED. R. CIV. P. 12(b)(6) and would respectfully show the Court as follows:

### I.    SUMMARY

1.    Plaintiffs' Complaint should be dismissed with prejudice because Plaintiffs fail to state any claims for relief against Flagstar. Plaintiffs' pleadings all concern Flagstar's *attempted* foreclosure of Burke's property (the "Property") pursuant to Burke's default of a promissory note ("Promissory Note") and deed of trust ("Deed of Trust"). *See* Dkt. 13 at ¶¶ 4-9; Exhibits 1-3. Burke is attempting to avoid this foreclosure with the help of Plaintiff Trustee, a third party to whom - five years after Burke and Flagstar entered into the Deed of Trust - Burke conveyed all of his interest in the Property. Dkt. 13 at ¶ 7. Plaintiff Trustee, recipient of title to the Property, [2] now joins Burke's lawsuit inexplicably seeking relief for alleged breaches of the Deed of Trust - and of

---

[1] Justina De Pasquale's is Trustee of Royal Glen Trust.
[2] Flagstar attaches the Special Warranty Deed to this Motion to Dismiss as Exhibit 1.

an additional oral promise to modify same - even though Plaintiff Trustee was never a party to the Deed of Trust or otherwise in privity with Flagstar. *See* Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* also Dkt. 13-2. To survive dismissal, Burke is required to plausibly plead that Flagstar failed to: (1) send Burke required foreclosure notices or comply with sections 15 and 18 of the Deed of Trust; (2) fulfill a verbal promise to modify the Deed of Trust and Promissory Note. *See generally* Dkt. 13. He has not done so because each of these claims is demonstrably false.  Moreover, the foreclosure sale associated with the purported failure to send notice has not occurred.  Notwithstanding the foreclosure notice and verbal promise claims, Burke (and, frivolously, Plaintiff Trustee) also seek recovery under theories of breach of contract and promissory estoppel. Plaintiffs' then also improperly seek relief for the same alleged activities under tort theories of fraud in the inducement, Texas Debt Collection Act ("TDCA"), Deceptive Trade Practices Act ("DTPA"), unreasonable collection efforts, and negligent misrepresentation. In doing so, Plaintiffs violate the economic loss rule. For these reasons, Plaintiffs' Complaint should be dismissed in its entirety.

## II.    FACTUAL BACKGROUND

2.    Burke purchased the Property on October 4, 2017, via a mortgage loan from Flagstar by executing a Promissory Note and Deed of Trust. Dkt. 13 at ¶¶ 4-5; Dkt. 13-2.  Plaintiff Trustee is not a party to the Promissory Note nor the Deed of Trust. *See generally* Dkt. 13; Dkt. 13-2.  Sometime around May or September 2019 (Burke does not specify), Burke began to have financial difficulties due to his Property flooding, COVID, and unspecified job related issues. Dkt. 13 at ¶ 6. On or about September 17, 2020, Flagstar sent a Notice of Default (Exhibit 2) to Burke at the Property address indicating that Burke was $3,168.03 in arrears on payments and fees.

3.    At some unknown date and time, Burke claims to have contacted someone at Flagstar and that Flagstar promised to modify his mortgage loan. Dkt. 13 at ¶ 6.  Burke does not

plead to whom he spoke at Flagstar nor when such communication took place and does not plead that any modification or promise to modify was ever reduced to writing. *See* Dkt. 13 at ¶ 6.  On July 25, 2022, Flagstar sent Burke a Notice of Acceleration and Notice of Trustee's Sale to the Property. Exhibit 3. On September 24, 2022, Burke conveyed all of his interest in the Property to Plaintiff Trustee to try and avoid foreclosure. Exhibit 1; Dkt. 13 at ¶ 7.  Despite having recently transferred his Property, Burke signed an affidavit on September 27, 2022, claiming ownership in the Property and filed suit against Flagstar on that same date. *See* Dkt. 1-1; Dkt. 13-1 at ¶ 6. [3]

### III.    STANDARD - MOTION TO DISMISS UNDER FED. R. 12(b)(6)

### A.  Motion to Dismiss Under Fed. R. 12(b)(6).

4.      A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates the plaintiff cannot prove any set of facts that would entitle her to relief.  *Power Entm't, Inc. v. Nat'l Football League Props., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). "It [Federal Rules] requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of 'entitle[ment] to relief.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (internal citation omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation omitted).

---

[3] Burke attaches an unsigned affidavit falsely claiming ownership in the Property as of September 27, 2022. The signed version of this affidavit was attached to Plaintiff's original complaint. *See* Dkt. 1-1 at p. 20, ¶ 6.

**B.  The Court May Consider Documents Outside of the Complaint.**

5.      In addition to the Complaint, the Court can consider any documents attached to the Complaint as exhibits or incorporated into the Complaint by reference. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). In deciding a motion to dismiss, the Court may also consider any documents "referred to in the plaintiff's complaint" and "central" to its claims. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Tr.*, 500 F.3d 454, 461 (5th Cir. 2007) (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).  In this case, Plaintiffs' Complaint expressly references and relies on: (1) a pending foreclosure sale of the Property; (2) Flagstar's alleged failure to send Burke all required foreclosure notices pursuant to that foreclosure; and (3) that Burke sold his Property to Plaintiff Trustee. Dkt. 13-1; Dkt. 13 at ¶¶ 7, 9, 11, 31-32; Dkt. 1-1 at p. 20, ¶ 6. The truth of whether the foregoing notices were sent to Burke along with the Harris County real property records concerning his Property are all central to his claims. *See* Dkt. 13-1; Dkt. 13 at ¶¶ 7, 9, 11, 31-32; Dkt. 1-1 at p. 20, ¶ 6. Accordingly, this Court may freely consider: a Special Warranty Deed filed in the real property records of Harris County concerning Plaintiffs' transfer of his Property to a third party (**Exhibit 1**); a certified mail receipt demonstrating the mailing of Plaintiffs' Notice of Default (**Exhibit 2**); a Declaration of Mailing regarding the Notice of Acceleration and Notice of Trustee's Sale (**Exhibit 3**); and, the Deed of Trust attached to Plaintiff's Complaint (**Dkt. 13-2**) all without converting Flagstar's Motion to Dismiss to a motion for summary judgment. *See Norris*, 500 F.3d at 461, *Bueche v. Delta Coll. of Arts & Tech., Inc.*, No. 15-296-JWD-EWD, 2016 WL 8710434, at *4 (M.D. La. Apr. 8, 2016); *Ware v. Associated Milk Producers*, 614 F.2d 413, 414-15 (5th Cir. 1980); *see also In Re Parkway Sales and Leasing, Inc.*, 411 B.R. 337 (E.D. Tex. 2009).

## IV.      <u>ARGUMENT AND AUTHORITIES</u>

**A.  Plaintiffs Fail to State a Claim for Declaratory Judgment.**

6.      Plaintiffs' request for declaratory judgment is baseless and should be dismissed. Burke vaguely claims Flagstar breached the Deed of Trust and also violated the Texas Property Code and Texas Constitution pursuant to an *attempted* foreclosure. Dkt. 13 at ¶¶ 11-12. On this basis, Plaintiffs plead that this Court should declare said attempted foreclosure wrongful. Dkt. 13 at ¶¶ 11-12. To begin with, Plaintiff Trustee lacks standing to assert this claim because she was never a party to the Deed of Trust. *See* Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt. 13-2. With respect to Burke, his declaratory judgment claim fails principally because there is no cause of action for attempted wrongful foreclosure in Texas and, therefore, no underlying action for this Court to declare wrongful. *See Owens v. BAC Home Loans Servicing, L.P.*, No. CIV.A. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012); *see Anderson v. Baxter, Schwartz & Shapiro, LLP*, 2012 WL 50622, at *4 (Tex. App. – Hous. [14th Dist.] 2012, no pet.).  Burke conveyed away any interest he had in the Property as of September 24, 2022 (Exhibit 1), prior to the scheduled foreclosure sale of October 4, 2022 (Dkt. 13 at ¶¶ 7, 9), and does not plead that a foreclosure ever actually took place (*see generally* Dkt. 13). Without the existence of an actual foreclosure (as opposed to an attempted one), there exists no justiciable underlying controversy on which this Court could grant declaratory relief. *See Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011); *see also Owens*, No. CIV.A. H-11-2742, 2012 WL 1494231, at *3 ("Applying Texas law, district courts in the Fifth Circuit have consistently held that attempted wrongful foreclosure claims . . . are not cognizable.").  Moreover, Burke's declaratory judgment claim fails because he seeks relief for Flagstar's purported breach of a Deed of Trust that he has clearly breached. *See* Exhibits 1-3. Specifically, Burke breached the Deed of Trust due to failing to make timely payments as indicated by the Notice of Default and Notice of Acceleration and Notice of Trustee's Sale (*see* Exhibits 2-3), and also by transferring his interest in the Property to

Plaintiff Trustee without Flagstar's consent (Dkt. 13-2 at p. 9, ¶ 17). Accordingly, Burke lacks standing to make any arguments related to the breach of the Deed of Trust or the foreclosure of the Property further demonstrating a lack of justiciable controversy and the meritless nature of this claim. Dkt. 13 at ¶ 7; *see* Exhibit 1.

**B.  Plaintiffs Fail to State a Claim for Breach of Contract.**

7.      Plaintiffs' breach of contract claim should be dismissed because: (1) Burke is in breach of the Deed of Trust himself and, thus, cannot prevail on a breach of contract claim against Flagstar; (2) Burke does not plead how Flagstar allegedly breached section 18 of the Deed of Trust; (3) Burke lacks standing to sue for breach of section 15 of the Deed of Trust on the basis of a purported missed face-to-face meeting; and (4) Burke's modification claim fails due to the statute of frauds. Here again, Plaintiff Trustee lacks standing to assert this claim because she was not a party to the Deed of Trust. *See* Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* also Dkt. 13-2.

**1.      Burke is in breach and, therefore, cannot maintain a suit for breach**

8.      Burke cannot claim breach of contract claim against Flagstar because Burke himself is in breach of the Deed of Trust. *See* Exhibits 2-3; Dkt. 13-2 at p. 9, ¶ 17. In Texas, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith v. JPMorgan Chase Bank, N.A.*, No. 4:15-CV-00682-ALM, 2016 WL 11472828, at *6 (E.D. Tex. Aug. 11, 2016), *report and recommendation adopted*, No. 4:15-CV-682, 2016 WL 4974899 (E.D. Tex. Sept. 19, 2016), *aff'd*, 699 F. App'x 393 (5th Cir. 2017) (citing *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). In Texas that "a party to a contract who is himself or herself in default cannot maintain a suit for its breach." *See id*. (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

9.      As discussed above in Section IV.A. paragraph 10, Burke breached the Deed of Trust due to failing to make timely payments and by transferring his interest in the Property to Plaintiff Trustee without Flagstar's consent. *See* Exhibits 1-3; Dkt. 13-2 at p. 9, ¶ 17.  Moreover, Burke pleads that he "was starting to face financial difficulties . . ." and that "he contacted Flagstar . . . to pursue loss mitigation options . . ." Dkt. 13 at ¶ 6. Burke conspicuously never pleads that he in fact made timely payments or that Flagstar's commencement of the foreclosure process was invalid on the grounds that he was never late. *See generally* Dkt. 13.  Instead, concerning the truth of the event that forms the impetus behind the entire conflict, his financial difficulties and the need for a modification, Burke is vague and elusive other than to conclude that he performed his contractual obligations under the Deed of Trust. Dkt. 13 at ¶ 14(C). Given that the Notice of Default, Notice of Acceleration and Notice of Trustee's Sale and Burke's own pleadings demonstrate that he was delinquent in his payments (and he does not plead otherwise), and that he transferred ownership of the Property (*see* Exhibit 1), he cannot, in the same breath, plausibly plead that he is entitled recovery from Flagstar for breach. *See Iqbal*, 556 U.S. at 678; *see also Smith*, No. 4:15-CV-00682-ALM, 2016 WL 11472828, at *6 ("the failure of a borrower to make payments on a mortgage and/or deed of trust loan is a breach of the mortgage and/or deed of trust contract, and such a borrower is therefore unable to bring a claim for breach of contract.").

**2.      Burke fails to plead how Flagstar allegedly breached section 18.**

10.      Burke's claim that Flagstar breached section 18 of the Deed of Trust is unintelligible and meritless. Plaintiffs vaguely claim Flagstar breached section 18 of the Deed of Trust by "refusing to give Plaintiffs the opportunity to cure the default that Plaintiffs had fraudulently been induced to creating . . .". Dkt. 13 at ¶ 14(D). However, Plaintiffs make no mention of how Flagstar purportedly refused to give Plaintiffs an opportunity to cure. *See generally*

Dkt. 13-13. By merely stating that Flagstar breached section 18 of the Deed of Trust without pleading any facts that would allow this Court to draw a reasonable inference into Flagstar's liability for the alleged breach, Plaintiffs have failed to plead a plausible claim for relief. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In any event, Flagstar did provide Burke with the opportunity to cure, as evidenced by the Notice of Default.  Exhibit 2.

      3**.**      **The absence of a face-to-face meeting is not a breach of the Deed of Trust.**

     11.     Burke's suggestion that the absence of a face-to-face meeting was a violation of section 15 is meritless because Burke has no private cause of action and no ability to claim a breach of the Deed of Trust based on a failure to comply with a HUD regulation. *See Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *3 (Tex. App. Sept. 1, 2016) (internal citations omitted).  Burke, by referencing section 15 of the Deed of Trust is interpreting the Deed of Trust as incorporating this face-to-face meeting requirement as being a HUD regulation enforceable pursuant to an attempted foreclosure.  Even assuming this HUD regulation has been incorporated into the Deed of Trust, a lack of face-to-face meeting is not an actionable basis on which to plausibly claim breach.  *See Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *5 (Tex. App.–Fort Worth May 19, 2011, no pet.) (mem. op) (concluding that appellant "has no private right of action regarding any alleged failure by appellees to follow HUD regulations, even those incorporated in the deed of trust). As several courts have observed, "regulations promulgated by HUD under the National Housing Act govern relations between the mortgagee and the federal government." *Schuetz*, No. 03-15-00522-CV, 2016 WL 4628048, at *3 (citing *Mitchell v. Chase Home Fin. LLC*, No. 3:06-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008) (mem. op.) and *Lindsey v. JP Morgan Chase Bank Nat'l Ass'n*, No. 3:12-CV-4535-M-(BH), 2013 WL 2896897, at *7 (N.D. Tex. June 13, 2013)

(order) ("With respect to the National Housing Act . . . and the corresponding HUD regulations, courts in this Circuit have found that their objective is not to provide mortgagors with a private remedy for a mortgagee's failure to follow, but that they deal only with the relations between the mortgagee and the [federal] government.") (internal quotations omitted). Consequently, to the extent Burke's breach-of-contract claims relies on section 15 of the Deed of Trust, it should be dismissed. *See Schuetz*, No. 03-15-00522-CV, 2016 WL 4628048, at *3 ("To the extent that the Schuetzes base their claims against CitiMortgage and MERS on alleged violations of HUD regulations, we conclude that the trial court did not err in granting summary judgement.").[4]

    4.    **Burke's Modification Claim Is Without Merit.**

12.    In Texas, an agreement to modify a loan of more than $50,000 must be in writing pursuant to the statute of frauds. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. BUS. & COM.CODE § 26.02(b)). Here, Burke's loan balance exceeds $50,000[5] and he does not plead that any agreement to modify the Promissory Note or Deed of Trust was reduced to writing. *See generally* Dkt. 13. For the above reasons, Plaintiffs' breach of contract claim should be dismissed with prejudice.

**C.  Plaintiffs Fail to State a Claim for Promissory Estoppel.**

13.    Plaintiffs' promissory estoppel claim based on a promise to modify the Deed of Trust is frivolous and should be dismissed because Plaintiffs fail to plead that the alleged modification was accompanied by an existing writing that Flagstar promised to sign. Plaintiff Trustee lacks standing to assert this claim because she was not a party to the Deed of Trust and,

---

[4] To the extent Plaintiff Trustee is claiming a right to a HUD face-to-face meeting, such a claim fails because Plaintiff Trustee is not a party to the Deed of Trust, and not in privity with Flagstar.
[5] The Complaint and Deed of Trust (Dkt. 13-2) reference a 30-year Promissory Note dated October 4, 2017, for $180,175 (Dkt. 13 at ¶ 5). Burke started facing financial difficulties in 2019 (Dkt. 13 at ¶ 6) and was $3,168.03 in arrears as of September 2020. Consequently, Flagstar asks this Court to take judicial notice of Burke's loan amount exceeding $50,000.

therefore, was not entitled to and did not engage in any real or imagined modification of same. *See* Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see also* Dkt. 13-2.  In an attempt to plead promissory estoppel, Burke asserts "[Flagstar] made a promise . . . to restructure the debt . . ." Dkt. 13 at ¶ 16.  The elements of a promissory-estoppel claim are "(1) a promise; (2) foreseeability of reliance by the promisor; (3) actual, substantial, and reasonable reliance by the promisee to its detriment; and (4) injustice that can be avoided only by enforcement of the promise." *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *5 (S.D. Tex. Aug. 11, 2016) (citing *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. 4:10–CV–3828, 2011 WL 6250785, at *8 (S.D. Tex. Dec. 14, 2011) (Rosenthal, J.) (quoting *Ellen v. F.H. Partners, LLC*, No. 03:09–CV–00310, 2010 WL 4909973, at *4 (Tex. App. Dec. 1, 2010)). When promissory estoppel is employed to "enforce a promise that would be unenforceable because of the statute of frauds, the promise must be a promise to sign an already existing written agreement that would itself satisfy the requirements of the statute of frauds." *Carey*, No. CV H-15-1666, 2016 WL 4246997, at *5 (quoting *Ellen v. F.H. Partners, LLC*, No. 03:09–CV–00310, 2010 WL 4909973, at *4 (Tex. App. Dec. 1, 2010)). In Texas, an agreement to modify a loan of more than $50,000 must be in writing pursuant to the statute of frauds. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. BUS. & COM.CODE § 26.02(b)). However, a pleading of promissory estoppel may overcome the statute-of-frauds on a loan modification provided there is a promise to sign a prepared written contract which would satisfy the statute of frauds. *Id.* at 256–57.

14.    In this case, in the absence of a written modification agreement or a pleading that Flagstar promised to sign an already existing written agreement to restructure Burke's debt, Plaintiffs' promissory estoppel claim, regarding the mortgage loan, which exceeds $50,000 (*see* Section IV.B.4. at ¶ 16, n.6), is invalid.  *See Id.* ("Promissory estoppel may overcome the statute-

of-frauds requirement in Texas, but there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds.") (internal quotations omitted); *Terna v. Wells Fargo Bank, N.A.*, No. 4:16-CV-03461, 2017 WL 6513990, at *3 (S.D. Tex. Nov. 20, 2017), *report and recommendation adopted,* No. 4:16-CV-3461, 2017 WL 6515686 (S.D. Tex. Dec. 18, 2017). In this case, Burke's claim that Flagstar promised to modify his mortgage loan is, fatally, not accompanied by an additional allegation that the agreement was in writing or that a written agreement to this effect had been prepared and that Flagstar had promised to sign same. *See id*. For this reason, Plaintiffs' promissory estoppel claim should be dismissed with prejudice.

### D. Plaintiffs Fail to State a Claim for Fraud in the Inducement.

15.     Plaintiffs fail to state a claim for fraud in the inducement because Plaintiffs have not pleaded this theory of fraud with particularity. Plaintiffs claim, without identifying when or how the communication was made, that Flagstar promised Burke that his debt would be restructured. Dkt. 13 at ¶ 8. Plaintiffs then go on to claim that Flagstar did not disclose that the monthly payments he missed pursuant to the forbearance would need to be paid in a lump sum, which is described as "deceit and trickery." Dkt. 13 at ¶¶ 18-20. As is true throughout the Complaint, Plaintiff Trustee lacks standing to assert this claim because it is not pleaded that Plaintiff Trustee had *any* contact with Flagstar and she does not otherwise have privity with Flagstar. *See generally* Dkt. 13; Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt. 13-2.

16.     The elements of common-law fraud in Texas are: (1) a material misrepresentation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was recklessly asserted without any knowledge of its truth; (4) the speaker made the false representation with the intent that it be acted on by the other party; (5) the other party acted in reliance on the misrepresentation; and (6) the party suffered injury as a result. *See DeSantis*

*v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990).  In the Fifth Circuit, fraud must be pleaded with particularity which requires an identification of the time, place and contents of the purported false representations, in addition to the identity of the person who is claimed to have made the misrepresentation and specifically what that person gained due to the misrepresentation. Fed. R. Civ. P. 9; *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (internal quotations omitted).  In this case, armed with the benefit that the alleged modification was never reduced to a writing, Burke conspicuously fails to plead who allegedly failed to disclose the mechanics of the restructuring of his debt other than to declare that he was deceived by the fact "that once the forbearance was up[,] all months that had been part of the forbearance would need to be paid in one lump sump[.]"  Dkt. 13 at ¶¶ 6,15. *See Leal v. Bank of Am., N. A.*, No. CIV.A. M-11-346, 2012 WL 1392089, at *2 (S.D. Tex. Apr. 20, 2012) ("The practical effect of Rule 9(b) is that a plaintiff must allege the who, what, when, where, and how such that the pleading identifies: who made the allegedly fraudulent statement, what statements are contended to be fraudulent, where and when the statements were made, and how the statements were fraudulent.") (internal quotations and citations omitted).   In addition to not pleading why this aspect of the alleged modification represented "deceit and trickery," Burke also neglects to mention where and when the purported omission was made, or  how the statement was fraudulent. *See* Dkt. 13 at ¶ 20; *see also id*.  By pleading vague claims surrounding the communication from Flagstar concerning forbearance and not communicating who made the fraudulent statement, when and where such a statement was made, and how the alleged statement was fraudulent such that it induced a particular activity, Burke has failed to meet the minimum fraud pleading standards of Rule 9(b) and, therefore, his fraud in the inducement claim should be dismissed.

### E.  Plaintiffs Fail to State a Claim for Violation of the Texas Debt Collection Act.

17.     Plaintiffs' attempt to state a claim for a violation of TDCA is based on their pleading that Flagstar failed to "giv[e] proper notices as required by Texas law and in violation of federal laws and regulations," an assertion which is demonstrably false. [Dkt. 13 at ¶ 32]. Further, Plaintiffs' TDCA claims are barred by the economic loss rule. Plaintiff Trustee lacks standing to assert this claim because by not being a party to the Deed of Trust, and cannot plausibly plead that she was entitled to foreclosure notices. *See generally* Dkt. 13; Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt. 13-2.  Exhibits 2 and 3 clearly demonstrate that service of the Notice of Default, including a right to cure, and the Notice of Acceleration and Notice of Trustee's Sale were each sent to Burke at the Property. Accordingly, Burke's claim that Flagstar did not send proper foreclosure notices is false rendering his TDCA claim meritless. *See id*.   ("Defendants have produced a copy of a Notice of Default including the relevant cure provision dated March 13, 2013, and the related certified mail tracking number . . . . [a]ccordingly, Plaintiffs' claim that they were not given a proper Notice of Default has no merit."). Considering that the Notice of Default, Notice of Acceleration and Notice of Trustee's Sale are repeatedly referenced in Plaintiffs' Complaint and are central to their claims, the attached proof of mailing (**Exhibits 2 and 3**) demonstrating that these notices were timely sent can be considered by this Court in this Motion to Dismiss. *Id*. at 972 ("Because the Notice of Default is referenced in Plaintiffs' Original Petition and central to Plaintiffs' claims, it can be considered without converting the Motion to Dismiss to a motion for summary judgment.").

18.     Further, Burke improperly attempts to recover under a tort theory, for an alleged breach of an agreement, in this case, i.e., the Deed of Trust. Under the *economic loss rule*, when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, that plaintiff is precluded from also proceeding under a tort theory of liability. *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155 at *5 (N.D. Tex. 2012) (citing *Jim Walter Homes, Inc. v.*

*Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *Hayes v. Bank of Am., N.A.*, No. 4:13–CV–760–A, 2014 WL 308129, at *5 (N.D. Tex. Jan. 27, 2014) ("because plaintiff's tort claims for fraud and negligent misrepresentation flow solely from the note and deed of trust, they are barred by the economic loss rule and must be dismissed") (internal quotations and citations omitted.). Courts have applied the economic loss rule to TDCA claims based on claims of misrepresentation where the actions taken by a servicer were considered wrongful solely based on a claim that the actions violated an agreement between the servicer and borrower. *See McCartney v. CitiFinancial Auto Credit, Inc.*, No. 4:10-cv-424, 2010 WL 5834802, at *5 (E.D. Tex. Dec.14, 2010), *rec. adopted*, 2011 WL 675386 (E.D. Tex. Feb.16, 2011); *Hicks v. Chase Home Fin. LLC*, No. 3:09-cv-1652-G, 2010 WL 4274745, at *7 (N.D. Tex. Oct. 21, 2010) (judgment vacated following entry of agreed final judgment) (dismissing on summary judgment the plaintiff's claims against Chase under the TDCA for alleged misrepresentations of the amount of the debt and attempts to collect fees not authorized by the modification agreement because they sounded in contract); *Singh v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-607, 2012 WL 3904827, at *7 (E.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3891060 (E.D. Tex. Sep. 7, 2012).

19.     Here, Burke improperly pleads violations of TDCA, i.e., threatening to take prohibited action, misrepresenting the amount of consumer debt and debt collector status, and using deceptive collection means, entirely based on the false claim that Flagstar failed to send proper foreclosure notices. *See McCartney*, No. 4:10-cv-424, 2010 WL 5834802, at *5 (E.D. Tex. Dec.14, 2010), *rec. adopted*, 2011 WL 675386 (E.D. Tex. Feb.16, 2011) (explaining that the plaintiff's allegations of misrepresentation by attempting to collect a debt in violation of the agreement against CitiFinancial stated a breach of contract but not a TDCA claim). Considering that the provisions of the Deed of Trust, e.g., the delivery of notices, the provision of modification,

---

govern all of the conduct complained of by Burke, he cannot now plead recovery pursuant to a tort theory of liability, i.e., TDCA. *See Singh*, No. 4:11-cv-607, 2012 WL 3904827, at *7 (holding that because the Deed of Trust governed the conduct the plaintiff alleged violated the TDCA, the plaintiff could not recover under a tort theory). Further, the ability to communicate the intent to foreclose due to default is not considered a threat to take a prohibited action, because the Deed of Trust specifically contemplates foreclosure. Accordingly, Plaintiffs' assertion of a TDCA claim is baseless on the merits.

### F.  Plaintiffs Fail to State a Claim for Deceptive Trade Practices Act.

20.     As with their TDCA claim, Plaintiffs' attempt to state a claim for relief under the Deceptive Trade Practices Act ("DTPA") is barred by the economic loss rule and should be dismissed. Specifically, Plaintiffs' DTPA claim fails for the same reasons stated in section IV.E above and Plaintiff Trustee similarly lacks standing to assert this claim. *See* Exhibits 2-3; Dkt. 13-2; Dkt. 13 at ¶¶ 1, 5-9, 11-15.  Burke indicates that his claims under DTPA arise from the same conduct discussed in his TDCA claims. Dkt. 13 at ¶ 43. Here again, not only is Burke's claim that Flagstar failed to send proper notices false, Burke also improperly attempts to recover under a tort theory for damages that stem from performance alleged to have not been made under a contract, i.e., the Deed of Trust. *See Opheim v. Wells Fargo Bank*, No. 3:16-CV-1097-N-BK, 2016 WL 8715662, at *2 (N.D. Tex. Nov. 9, 2016), report and recommendation adopted, No. 3:16-CV-1097-N-BK, 2016 WL 8711735 (N.D. Tex. Dec. 16, 2016) ("[Liability must be independent of the fact that a contract exists between the parties, and the defendant must breach a duty imposed by law rather than by the contract."). It follows that Burke's DTPA claim flows solely from duties owed under the Deed of Trust and, consequently, is barred by the economic loss rule. *See Hayes*, No. 4:13–CV–760–A, 2014 WL 308129, at *5.

21.     Moreover, Burke's DTPA claim also fails because Burke is not a consumer under the DTPA and, therefore, is incapable of stating a claim for relief.  The principal element of a DTPA cause of action is the determination that the plaintiff is a "consumer." TEX. BUS. & COM. CODE ANN. § 17.45(4); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 386 (Tex. 2000); *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980).  To qualify as a consumer under the DTPA, a plaintiff "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of the party's complaint." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied). The determination of whether a plaintiff is a consumer is a question of law. *Id*.  A borrower in a loan transaction may be considered a consumer if the money is borrowed for the purpose of buying a good or service and the borrower's DTPA claim concerns the particular good or service that was purchased. *See, e.g., La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984); *Flenniken v. Longview Bank & Trust Co*., 661 S.W.2d 705, 707 (Tex. 1983); *League v. Am. Home Mortg. Servicing Co.*, No. 02-12-00317-CV, 2013 WL 4679932, at *5 (Tex. App.—Fort Worth Aug. 29, 2013, no pet.) (mem. op.); *Jackson v. Comerica Bank*, No. 05-05-01358-CV, 2007 WL 926401, at *1 (Tex. App.—Dallas Mar. 29, 2007, no pet.) (mem. op.).  Moreover, specifically in the mortgage context, "[a] mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013) (internal citations omitted).  However, a mortgagor who sets out to challenge how an existing mortgage is serviced is not considered a consumer because that mortgagor's claim concerns the subsequent loan servicing and foreclosure activities, and not the actual goods or services, i.e., the

residential property obtained in the original transaction. *Rojas v. Wells Fargo Bank, N.A*., 571 F. App'x. 274, 279 (5th Cir. 2014) (citing *Miller*, 726 F.3d at 725).

22.     In this case, Burke's DTPA claim concerns the servicing of Burke's mortgage loan, i.e., the delivery (or alleged non-delivery) of foreclosure related notices, not the actual Property he purchased via the mortgage. *See* Dkt. 13 at ¶¶ 5-8, 35-38. Accordingly, Burke does not qualify as a consumer for the purposes of the DTPA.  *See Everson v. Mineola Comm. Bank,* No. 12-05-334-CV, 2006 WL 2106959, at *2 (Tex. App.—Tyler July 31, 2006, pet. denied) (mem. op.).  The Complaint is silent about any allegedly deceptive acts related to the Property and, therefore, their DTPA claim should be dismissed *See Brown v. Bank of Galveston, Nat'l Ass'n*, 930 S.W.2d 140,144 (Tex. App.—Houston [14th Dist.] 1996), *aff'd*, 963 S.W.2d 511 (Tex. 1998).

### G.  Plaintiffs' Claim of Breach of Unreasonable Collection Efforts is Meritless

23.     As with Plaintiffs' TDCA and DTPA claims, Plaintiffs' attempt to state a claim for relief under the common law tort of unreasonable collection efforts is barred by the economic loss rule. Plaintiffs claim Flagstar engaged in unreasonable collection efforts by: (1) "trying to collect a debt without any authority under the Deed of Trust[;]" (2) failing to "give Plaintiffs a chance to reinstate or cure the default[;]" (3) "intentionally misle[ading] and delay[ing] Plaintiffs to the point of foreclosure[;]" (4) "assess[ing] late charges and penalties (5) "improperly plac[ing] the Property in foreclosure; (6) and "impos[ing] numerous additional charges upon the Plaintiffs' mortgage account. . .". Dkt. 13 at ¶ 40.  Here again, Plaintiff Trustee clearly lacks standing to assert this claim because she is not a party to the Promissory Note or Deed of Trust. *See* generally Dkt. 13; Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt. 13-2.  As with Burke's other similarly postured claims, he again attempts to recover in tort for alleged breaches of the Deed of Trust and of a verbal agreement to modify a mortgage loan, when the alleged claims and resulting damages, although worded creatively, are, in reality, the an allegation that he did not receive certain rights under the contract

at issue (i.e., the Deed of Trust and alleged verbal modification contract).  [*See Opheim*, No. 3:16-CV-1097-N-BK, 2016 WL 8715662, at *2 (N.D. Tex. Nov. 9, 2016), report and recommendation adopted, No. 3:16-CV-1097-N-BK, 2016 WL 8711735 (N.D. Tex. Dec. 16, 2016)] ("The [economic loss rule] restricts contracting parties to contractual remedies for such economic losses, even when the breach may be viewed as a consequence of a contracting party's negligence.").

24.     All of Burke's claims arise under the Deed of Trust and alleged verbal promise to modify Burke's loan along with Flagstar's alleged breach of duties imposed by those contracts, which are properly contract and not tort claims. *See* Dkt. at ¶¶ 6, 14, 16, 20, 32, 37, 70, 41, 43, 46; *see also Opheim v. Wells Fargo Bank*, No. 3:16-CV-1097-N-BK, 2016 WL 8715662, at *2 (N.D. Tex. Nov. 9, 2016), report and recommendation adopted, No. 3:16-CV-1097-N-BK, 2016 WL 8711735 (N.D. Tex. Dec. 16, 2016) ("[Liability must be independent of the fact that a contract exists between the parties, and the defendant must breach a duty imposed by law rather than by the contract.").  Accordingly, Plaintiffs claims of unreasonable collection are merely Plaintiffs' breach of contract claims reworded in an effort to avoid the bar to recover that Burke's own default requires. Unfortunately for Plaintiffs', the allegations clearly sound in contract and are barred by the economic loss rule and should, therefore, be dismissed.  *See id*.

**H. Plaintiffs' Claim of Negligent Misrepresentation Fails to State a Claim.**

25.     Plaintiffs' claim for negligent misrepresentation fails because they merely recite the elements of negligent misrepresentation and only plead vague and insufficient facts insufficient to state a claim.  Moreover, Plaintiffs' negligent misrepresentation claim is also barred by the economic loss rule because Plaintiffs are, yet again, improperly attempting to recover under a tort theory of liability for economic damages which derive from an alleged breach of an agreement. *See id*.  Plaintiff Trustee clearly lacks standing in this claim, again, because she is not a party to the Promissory Note or Deed of Trust. *See generally* Dkt. 13; Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt.

13-2.  Furthermore, there is no allegation that Plaintiff Trustee had any contact with Flagstar, or that any misrepresentations were made to her by Flagstar.  To survive a Rule 12(b)(6) motion to dismiss, Burke's pleadings must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In the Complaint, in addition to merely reciting the elements of negligent misrepresentation, Burke provides vague and unintelligible factual support for these elements by merely mentioning that "[t]he Defendant failed to use reasonable care in communicating the correct status of Plaintiffs' mortgage loan." Dkt. 13 at ¶ 44. Burke does not provide facts to demonstrate how Flagstar may have failed to use reasonable care in communicating the correct status of his mortgage loan or even describe what "status" should have been communicated. *See* Dkt. 13 at ¶¶ 43-44. As demonstrated by Exhibit 2 and 3, Flagstar sent all required foreclosure notices to Burke. Further, Plaintiffs' modification claim is without merit as discussed in Section IV.C.  By merely stating that Flagstar *failed to use reasonable care in communicating the correct status of Plaintiffs' mortgage loan* without pleading any other facts, Burke leaves this Court unable to draw any reasonable inference that Flagstar is liable for negligent misrepresentation. *See Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Moreover, Burke's negligent misrepresentation claim is also barred by the economic loss rule because his injuries are not distinct, separate, and independent from the economic losses alleged to be recoverable under his breach of contract claims. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 865 (5th Cir. 2013). *Hayes v. Bank of Am., N.A.*, No. 4:13–CV–760–A, 2014 WL 308129, at *5 (N.D. Tex. Jan. 27, 2014) ("because plaintiff's tort claims for fraud and negligent misrepresentation flow solely from the note and deed of trust, they are barred by the economic loss rule and must be dismissed") (internal quotations and citations omitted.  Under his breach of contract claim, Burke alleges a violation of the Deed of Trust and of a verbal promise

to modify his mortgage loan. Dkt. 13 at ¶ 14.   Here, Burke tries, unsuccessfully, to fashion a negligent misrepresentation claim based on the same alleged breaches of an agreement – an attempt which fails according to the economic loss rule. *Id.*

**I.   Plaintiffs Fail to State a Claim for Intentional Infliction of Emotional Distress.**

26.     In their final claim against Flagstar, Plaintiffs fail to plead the elements of Intentional Infliction of Emotional Distress ("IIED") or facts that satisfy those elements. *See* Dkt. 13 at ¶ 46.  In support of this attempted claim, Plaintiffs mention only that they "endured stress, anxiety, and loss of sleep as a result of [Flagstar's] misconduct . . .". Dkt. 13 at ¶ 46.  In Texas, to recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme or outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 560 (S.D. Tex. 2016) (citing *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir.1989).  As an initial matter, and as is the case with every cause of action asserted in the Complaint, Plaintiff Trustee has no standing to bring this claim. *See generally* Dkt. 13; Dkt. 13 at ¶¶ 1, 5-9, 11-15; *see* Dkt. 13-2. In Burke's threadbare pleadings, he fails to plead that Flagstar acted intentionally, that its conduct was extreme or outrageous, or that the emotional distress suffered was severe. *See id.*  Further, Burke fails to articulate any facts to support his IIED claim. *See Twombly*, 550 U.S. at 557. In the absence of the elements of IIED or supporting sufficient factual material, Burke's IIED claim must be dismissed. *See Iqbal*, 556 U.S. at 678.

**V.     CONCLUSION**

For the foregoing reasons, Flagstar respectfully requests this Court dismiss all claims asserted by Plaintiffs against Flagstar in the Complaint, with prejudice, and for all other relief to which it may be entitled.

Respectfully submitted,

By: /s/ Matt D. Manning
    **MATT D. MANNING**
    State Bar No. 24070210
    **MCGLINCHEY STAFFORD, PLLC**
    1001 McKinney, Suite 1500
    Houston, TX 77002
    Telephone : (713) 520-1900
    Facsimile:  (713) 520-1025
    mmanning@mcglinchey.com

    **JUSTIN K. SAULS**
    State Bar No. 24079276
    **MCGLINCHEY STAFFORD, PLLC**
    6688 N. Central Expressway, #400
    Dallas, Texas 75206
    Telephone : (214) 445-2445
    Facsimile:  (214) 445-2450
    jsauls@mcglinchey.com

    ***ATTORNEYS FOR DEFENDANT FLAGSTAR BANK***

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on February 6, 2023, and served on all parties as shown below:

***Via CM/ECF***
Robert C. Vilt
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
clay@viltlaw.com

***Attorney for Plaintiffs***

    /s/ Justin K. Sauls
    Justin K. Sauls