United States District Court
Southern District of Texas
**ENTERED**
August 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| Michael Burke and Justina de Pasquale, | § | |
| | § | |
| *Plaintiffs,* | § | Case No. 4:22-cv-03480 |
| | § | |
| v. | § | |
| | § | |
| Flagstar Bank, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case are three motions, all filed by Defendant Flagstar Bank. The first is Flagstar's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. After Plaintiff Michael Burke amended his pleading, adding Plaintiff Justina de Pasquale, Dkt. 13, Flagstar filed a second Rule 12(b)(6) motion, Dkt. 16, to which Plaintiffs responded, Dkt. 22, and Flagstar replied, Dkt. 26. Flagstar also filed a motion to stay discovery, Dkt. 25, to which Plaintiffs did not respond. All motions were referred to the undersigned judge. Dkt. 30.

After reviewing the record, the applicable law, and the parties' submissions, it is recommended that the Court deny Flagstar's first motion to dismiss as moot and grant Flagstar's second motion to dismiss. Flagstar's motion to stay discovery is denied as moot.

## Background

This case concerns the attempted foreclosure on a property at 2923 Royal Glen Drive, Kingwood, TX 77339 (the "Property").  Given the posture of the case and the standard of review, the Court accepts as true the following assertions in Plaintiffs' live pleading.

Burke purchased the Property in October 2017.  Dkt. 13 ¶ 5.  He executed a promissory note for $180,175 and a Deed of Trust through a Federal Housing Administration Loan, which listed Flagstar Bank as the lender.  *See id.; see also* Dkt. 13-2 at 1-4.  From May through September of 2019, Burke encountered financial difficulties.  *See* Dkt. 13 ¶ 6.  During the ensuing Covid-19 pandemic, Burke sought, and Flagstar allegedly granted him, a forbearance under which Flagstar "promised that [it] would restructure the debt once the forbearance period ended."  *Id.*  Once the forbearance period ended, Burke contacted Flagstar to determine when his payments would resume.  *Id.*  Flagstar then informed Burke that it was foreclosing on the Property.  *Id.*

Around that time, Burke was approached by Justina de Pasquale.  *Id.* ¶ 7.  Pasquale informed Burke that his home was posted for foreclosure sale on October 7, 2022 and suggested that Burke transfer to her all his interests in the Property, subject to the mortgage.  *Id.*  Burke then did so.  *Id.*

In September 2022, Burke sued Flagstar in Texas state court. Dkt. 1-1. Flagstar timely removed, Dkt. 1, and filed a Rule 12(b)(6) motion to dismiss the claims, Dkt. 12. Burke then filed a First Amended Complaint (the "Complaint") adding Pasquale as a plaintiff. Dkt. 13. Flagstar filed another motion to dismiss, Dkt. 16, and Plaintiffs responded, Dkt. 22. Flagstar replied, Dkt. 26, and moved to stay discovery pending resolution of its motion to dismiss, Dkt. 25. All motions are ripe for review.

## Legal standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For this analysis, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff[]." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012).

To survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

When resolving a Rule 12(b)(6) motion, courts can consider all documents referenced and incorporated in the complaint, as well as any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering the terms of contracts that were not attached to, but were referenced in, the complaints).

## Analysis

## I.   Plaintiffs' objections are overruled.

Before analyzing the allegations, the Court first resolves Plaintiffs' objections to both the motion to dismiss and to Flagstar's proffer of documents and information extrinsic to the Complaint.  Most notably, Flagstar has attached copies of notices of default and acceleration and a supporting declaration. *See* Dkt. 16-2, DX-2 (notice of default); Dkt. 16-3, DX-3 (notice of acceleration and associated declaration).

### A.    Plaintiffs' global objection to the motion to dismiss is meritless.

Plaintiffs lodged a "Continuing Objection" to the motion to dismiss, asserting that it is "premature" because they have not conducted discovery yet. Dkt. 22 ¶ 6.  This objection contravenes basic procedural rules.

4

By definition, a motion to dismiss under Rule 12(b)(6) challenges defects on the face of the pleadings alone.  The only extrinsic documents properly considered are those referenced in the complaint or those of which the Court can take judicial notice.  Plaintiffs' lack of discovery has no bearing on whether they have adequately *pleaded* plausible claims such that they would be entitled to proceed to discovery.  *See, e.g.*, *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (explaining that, to survive dismissal, "the complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim").  Plaintiffs' continuing objection is overruled.

### B.     Plaintiffs' evidentiary objections are moot.

Plaintiffs also object to several documents attached to Flagstar's motion to dismiss: (1) the September 24, 2022 special warranty deed, Dkt. 16-1 (DX-1); (2) September 17, 2022 notice of default, Dkt. 16-2 (DX-2); and the (3) notice of acceleration, Dkt. 16-3 (DX-3).   Given the recommended disposition of Plaintiffs' claims even if those documents are disregarded, however, *see infra* Part II, the Court need not resolve whether they should be considered. Plaintiffs' evidentiary objections are overruled as moot.

### II.    <u>Flagstar's motion to dismiss should be granted.</u>

Flagstar's first Rule 12(b)(6) motion to dismiss addressed Burke's original state-court pleading.  Dkt. 12.  But Plaintiffs superseded that pleading

upon filing their Complaint.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended pleading supersedes the original pleading "and renders it of no legal effect").  As a result, Flagstar's original motion to dismiss (Dkt. 12) should be denied as moot.

The Court thus confines its analysis to Flagstar's motion to dismiss the live Complaint.  Dkt. 16.  For the reasons explained below, the motion should be granted.

### A.    Plaintiffs did not state a plausible breach of contract claim.

Plaintiffs' breach of contract claim raises two primary theories.  First, Plaintiffs allege that Flagstar breached the agreement by "failing to comply with HUD Regulations pursuant to Section 15 ...."  Dkt. 13 ¶ 14.D.  Second, Plaintiffs assert that Flagstar violated Section 18 of the deed of trust by "refusing to give Plaintiffs the opportunity to cure the default that Plaintiffs had fraudulently been induced to creating ...."  *Id.*[1]

Although Burke's prior default does not bar relief, the Court concludes that neither breach of contract theory states a plausible basis for recovery.  Accordingly, it is recommended that the breach of contract claim be dismissed.

---

[1] Plaintiffs also assert that Flagstar breached the agreement by "not providing a modification to their loan ...."  Dkt. 13 ¶14.D.  But Plaintiffs do not identify any contractual provision that required Flagstar to modify the loan.  The Court concludes that Plaintiffs' allegations regarding purported promises to modify the loan are more appropriately construed as a basis for their Plaintiffs promissory estoppel claim.  *See* Dkt. 13 ¶¶ 15-16; *see also infra* Part II.D.

1.  <u>Burke's default does not preclude his breach-of-contract claims.</u>

As its lead argument, Flagstar argues that "Burke is in breach and, therefore, cannot maintain a suit for breach ...." Dkt. 16 at 6. But Flagstar fails to acknowledge a critical exception to this rule: where an obligation that a lender allegedly breached only arises when the borrower defaulted on payments. *See Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244-45 (5th Cir. 2018). In that instance, the borrower's default cannot prohibit his suit for the lender's breach of the contractual obligation; otherwise, the obligation would "have no meaning." *Id.*

This exception applies to both contractual provisions that Flagstar allegedly breached. HUD regulations allegedly incorporated by Section 15 only take effect *after* the borrower's default.[2] *See* Dkt. 13-2 at 10; 24 CFR § 203.604(b) ("The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."). A borrower's right to reinstatement in Section 18 is similarly triggered only upon default. *See* Dkt. 13-2 at 10-11. Burke's prior default does not preclude the breach-of-contract claims.

---

[2] The First Amended Complaint does not identify the pertinent HUD regulation(s). Nonetheless, certain HUD regulations govern a lender's obligations after the borrower has defaulted.

### 2. The deed of trust does not expressly incorporate HUD regulations.

Flagstar also challenges Plaintiffs' invocation of HUD regulations as a basis for their breach of contract claim.  Citing Texas intermediate appellate court decisions, Flagstar asserts that "Burke has no private cause of action and no ability to claim a breach of the Deed of Trust based on a failure to comply with a HUD regulation."  Dkt. 16 at 8.  Although Flagstar's authorities are inapposite, the Court agrees that Fifth Circuit precedent rejects Plaintiffs' reliance on HUD regulations to show that Flagstar breached the deed of trust.

Flagstar primarily relies on Texas state court decisions holding that borrowers have no private right of action to enforce HUD regulations that "govern relations between the mortgagee and the federal government." *See id.* (citing, *inter alia*, *Schuetz v. Source One Mortg. Servs. Corp.*, 2016 WL 4628048, at *3 (Tex. App.—Austin Sept. 1, 2016, no pet.)).  This is true even where HUD regulations were "incorporated by reference into the deed of trust." *Roberts v. LoanCare, LLC*, 2023 WL 2802252, at *7 (Tex. App.—Beaumont Apr. 6, 2023, no pet.).

Binding federal decisions, however, have reached a different conclusion. Indeed, the Fifth Circuit has held that "HUD regulations do not give the borrower a private cause of action *unless* the regulations are expressly incorporated into the lender-borrower agreement." *Johnson v. World All. Fin.*

*Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) (emphasis added) (citing *Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013); *Anderson v. Compass Bank*, 2014 WL 5468132, at *5 (S.D. Tex. Oct. 28, 2014)).  Flagstar fails to acknowledge or address this precedent.

Nonetheless, the deed of trust does not explicitly incorporate any HUD regulations even under the Fifth Circuit's standard.  Section 15 refers only generically to federal law and "the law of the jurisdiction in which the Property is located" and states that "[a]ll rights and obligations are subject to any requirements and limitations of Applicable law."  Dkt. 13-2 at 9 § 15.  This language is insufficient to incorporate federal regulations.  *See, e.g.*, *Allen v. Ocwen Loan Servicing, LLC*, 2015 WL 12778694, at *4 (S.D. Tex. Dec. 24, 2015) (reaching same conclusion based on same language); *Compass Bank*, 2014 WL 5468132, at *5 (same); *Uzodinma v. JPMorgan Chase Bank, N.A.*, 2014 WL 4055367, at *4 (N.D. Tex. Aug. 14, 2014) (same).  Plaintiffs' breach of contract claim premised on HUD regulations should be dismissed.

3.    <u>Plaintiffs have not plausibly alleged that Flagstar failed to<br>provide notice of default.</u>

The Court agrees with Flagstar that Plaintiffs' allegations supporting a breach of Section 18 are deficient.  *See* Dkt. 16 at 7-8.  Section 18 is a "right to cure" provision that permits a borrower to cure any default by taking a series of actions.  *See* Dkt. 13-2 at 10-11; *see, e.g.*, *Richter v. Nationstar Mortg., LLC*,

9

2017 WL 4155477, at *4 (S.D. Tex. Sept. 19, 2017).  Section 18 operates in conjunction with Section 22, which requires the lender to provide notice of default.  *See id.* at 11 ("Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this security instrument ....").

The Complaint asserts, in conclusory fashion, that Flagstar "refus[ed] to give Plaintiffs the opportunity to cure the default that Plaintiffs had fraudulently been induced to creating ...."[3] Dkt. 13 at 4.  Significantly, however, nowhere does the Complaint allege that Flagstar failed to provide Burke a notice of default that would trigger his opportunity to cure in Section 18.  At most, the allegations indicate that Burke was not provided other notices regarding acceleration of the note and the scheduled foreclosure sale.  *See* Dkt. 13 ¶ 7 (claiming that he learned of the impending sale from Pasquale).

The Complaint also does not indicate that Flagstar rejected any attempts by Burke to exercise his right to cure by satisfying the contractual conditions specified in Section 18.  *See* Dkt. 13-12 at 9 § 18 (permitting borrower to reinstate the mortgage if he "(a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default by other covenants or agreements; (c) pays all

---

[3] To the extent that Plaintiffs embedded a fraud allegation, that allegation fails to meet the heightened pleading standard under Rule 9(b).  *See infra* Part II.C.

10

expenses incurred in enforcing this Security Instrument... and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument....").   Without sufficient facts to support a claim for breach of Section 18, this claim should be dismissed.

### B.   Plaintiffs failed to state a claim for declaratory relief.

For their next claim, Plaintiffs seek a declaration that "the attempted foreclosure sale of their Real Property was wrongful because Defendant failed to properly follow the procedures as set forth in the Deed of Trust."  Dkt. 13 ¶ 11.  Plaintiffs also seek a declaration that "the pending foreclosure sale of their real property[] is wrongful because Defendant was precluded from taking any action whatsoever to foreclose on Plaintiffs' Property without first complying with the HUD Regulations pursuant to the Deed of Trust."  *Id.* ¶ 12.

As noted above, Plaintiffs cannot invoke HUD regulations to claim that any foreclosure attempts are wrongful.  *See supra* Part II.A.2.  More broadly, however, Flagstar correctly asserts that "Texas law does not recognize a cause of action for attempted wrongful foreclosure ...."  *Owens v. BAC Home Loans Servicing, L.P.*, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012); *see also, e.g.*, *Ramming v. JPMorgan Chase Bank, N.A.*, 2012 WL 1122791, at *3 n. 3 (S.D. Tex. Apr. 3, 2012).  "Because recovery for wrongful foreclosure is premised upon loss of possession, a person who never loses possession of the property

cannot recover on a theory of wrongful foreclosure." *Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *5 (S.D. Tex. May 13, 2016) (citing, *inter alia*, *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011)); *see also, e.g.*, *Anderson v. Baxter, Schwartz & Shapiro LLP*, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2021, no pet.) ("As Anderson acknowledges, no foreclosure sale has occurred in this case.  Thus, Anderson cannot recover on his claim for wrongful foreclosure as a matter of law ....").

Plaintiffs' declaratory judgment claim challenging Flagstar's attempt to foreclose on the Property therefore fails as a matter of law.  The Court should dismiss this claim.

### C.    Plaintiffs did not plead their fraudulent inducement claim with particularity.

Flagstar also seeks dismissal of Plaintiffs claim of fraud in the inducement.  *See* Dkt. 16 at 11-12.  Averments of fraud must be pleaded with particularity.  Fed. R. Civ. P. 9(b).  This means a plaintiff must set forth the "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks and citation omitted).  Failure to satisfy Rule 9(b)'s requirements warrants dismissal for failure to state a claim. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Plaintiffs' fraud allegations fall far short of Rule 9's pleading standard. They do not identify who at Flagstar purportedly "promised" to restructure Burke's debt, how the debt would be restructured, or when the asserted promise was made. *See* Dkt. 13 ¶ 6. The remainder of Plaintiffs' allegations amount to nothing more than threadbare recitals. *See id.* ¶ 18 (reciting elements of fraudulent inducement), and conclusory statements, *id.* ¶ 21 ("A confidential or "informal fiduciary" relationship existed between the parties."). The Court should dismiss the fraudulent inducement claim.

### D. Plaintiffs failed to plead sufficient facts to support their promissory estoppel claim.

For their promissory estoppel claim, Plaintiffs allege that Flagstar "made a promise to Plaintiffs to restructure the debt created from COVID-19[,]" that Plaintiffs relied on that promise, that Plaintiffs reliance was foreseeable, and that injustice can only be avoided by enforcing Flagstar's promise. Dkt. 13 ¶¶ 16.A-D. Flagstar argues that Plaintiffs did not allege that any such promise was accompanied by a separate promise to sign a written modification agreement, as necessary to satisfy the statute of frauds. *See* Dkt. 16 at 9-10.

"To be enforceable under Texas law, a loan agreement for more than $50,000, including an agreement to modify a loan, must be in writing and signed or an exception to the statute of frauds must apply." *Garcia v. Bank of*

*N.Y. Mellon*, 2016 WL 6885660, at *2 (S.D. Tex. Feb. 29, 2016) (citing *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 256 (5th Cir. 2013); Tex. Bus. & Com. Code §§ 26.01(b)(4), 26.02(b)).   A loan agreement is "any promise, agreement, or undertaking pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money ... or to otherwise extend credit or make a financial accommodation." *Kew v. Bank of Am., N.A.*, 2012 WL 5832354, at *4 (S.D. Tex. Nov. 16, 2012) (internal quotation marks omitted).

The Court agrees that Plaintiffs have not stated a plausible claim for promissory estoppel.   The Complaint lacks any allegations suggesting that Flagstar agreed to sign "an already existing document" that would modify the conditions of the mortgage. *See* Dkt. 13 ¶¶ 1-16.   Absent such an agreement, the statute of frauds renders unenforceable any oral promise to modify the mortgage. *Garcia*, 2016 WL 6885660, at *2.   Without sufficient allegations to overcome the Texas statute of frauds, Plaintiffs' promissory estoppel claim should be dismissed.

### E.   Plaintiffs' TDCA claims are inadequately pleaded.

Flagstar next seeks dismissal of Plaintiffs' claims for violations of the Texas Debt Collection Act (TDCA).   First, Flagstar argues that Plaintiffs failed to state a basis for relief. Dkt. 16 at 13.   Second, Flagstar invokes the economic loss rule. *Id.* at 13-14.   Because the Court agrees that Plaintiffs have not stated

14

a claim for violation of the TDCA, it is unnecessary to address Flagstar's alternative contention.

Plaintiffs assert four theories of liability under the TDCA:

A. Threatening to take an action prohibited by law, specifically seeking to sell the Property at a foreclosure sale in violation of state law. *See* Tex. Fin. Code §§ 392.301(a)(8).

B. Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

C. Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

D. Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

Dkt. 13 at 7-8. These boilerplate recitations of TDCA provisions do not illuminate what specific conduct purportedly violated the TDCA. For this reason alone, the TDCA claim fails to state a plausible basis for recovery.

The TDCA claim is further undermined by Plaintiffs' representation that this claim primarily accuses Flagstar of committing fraud. *See* Dkt. 22 at 8 (Plaintiffs' response to motion to dismiss). As concluded above, Plaintiffs did not plead fraud with particularity. *See supra* Part II.C. Dismissal of the fraud claim therefore defeats their dependent TDCA claim.

**F.    The DTPA claim is barred.**

The recommended disposition of Plaintiffs' TDCA claim also affects Plaintiffs' related DTPA claim. According to the Complaint, Plaintiffs' DTPA

claim challenges "the same improper conduct discussed above in Plaintiffs' TDCA claims against Defendant."  Dkt. 13 ¶ 37.  Given the conclusion that Plaintiffs failed to plead a cognizable TDCA claim, *see supra* Part II.E., their DPTA claim fails as well.

Flagstar also argues, in the alternative, that Plaintiffs lack the required status as "consumers" who can bring a DTPA claim.  *See* Dkt. 16 at 16. Flagstar is correct.

Under the DTPA, a "consumer may maintain an action where" another person uses or employs "a false, misleading, or deceptive act or practice that is: (A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and (B) relied on by a consumer to the consumer's detriment...." Tex. Bus. & Com. Code Ann. § 17.50.  To qualify as a "consumer," the plaintiff must at minimum have sought or acquired "goods or services" that form the basis of the DTPA claim.  *See id.* § 17.45(4); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied) (citing Tex. Bus. & Com. Code Ann. § 17.45(4)).

Here, the alleged deceptive or misleading practice concerns Flagstar's purported promise to modify Burke's mortgage.  Dkt. 13 ¶ 32.  Because loan modifications are essentially an extension of credit, they do not constitute goods or services within the meaning of the DTPA.  *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013).  Plaintiffs therefore

16

lack the necessary "consumer" status to bring a DTPA claim.   For this additional reason, this Court should dismiss their DTPA claim.

### G. The economic loss rule bars recovery in tort for unreasonable collection efforts.

Plaintiffs also allege a common law claim of unreasonable collection efforts.   Under Texas law, "[u]nreasonable collection is an intentional tort." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.).   Although the elements "are not clearly defined," *id*., a plaintiff generally "must prove that [a] defendant['s] debt collection efforts amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm," *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 635 (N.D. Tex. 2010) (internal quotation marks omitted).

In their Complaint, Plaintiffs assert that Flagstar attempted to collect on the mortgage "without any authority under the Deed of Trust" and failed "to give Plaintiffs a chance to reinstate or cure the default and intentionally misl[eading] and delay[ing] Plaintiffs to the point of foreclosure." Dkt. 13 ¶ 40. Flagstar argues that these allegations improperly attempt to recast a contract claim as a tort.   *See* Dkt. 16 at 17-18.   The Court agrees.

Texas law recognizes that "[t]he contractual relationship of the parties may create duties under both contract and tort law." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).   But "[w]hen the injury is only the

economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.*; *see also, e.g.*, *Wansev v. Hole*, 379 S.W.3d 246, 248 (Tex. 2012) (per curiam) ("[A] duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim."). "To determine if a tort claim is barred by the economic loss rule, the court should examine (1) whether the claim is for a breach of a duty created by the contract as opposed to a duty imposed by law, and (2) whether the injury is only the economic loss to the subject of the contract itself." *Mass v. Wells Fargo Bank, N.A.*, 2022 WL 61161, at *5 (S.D. Tex. Jan. 6, 2022) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *see also Heller Fin., Inc. v. Grammco Comput. Sales, Inc.*, 71 F.3d 518, 528 (5th Cir. 1996) (describing the two-part inquiry).

Here, the duty that Plaintiffs seek to enforce stems from the contract. Indeed, Plaintiffs maintain that Flagstar's attempts to collect were wrongful because they violated the deed of trust. *See* Dkt. 13 ¶ 40. Their allegations therefore sound in contract rather than tort. *See Mass*, 2022 WL 61161 at *7 (same conclusion that economic loss rule barred tort claim for unreasonable collection efforts); *see also, e.g.*, *Bottoms v. Wells Fargo Bank, N.A.*, 2018 WL 2745259, at *4 (N.D. Tex. May 18, 2018) (dismissing unreasonable collection practices claim that "arises from an alleged breach of a duty created under the

18

loan documents"). The claim for unreasonable collection efforts should be dismissed.

**H.    Plaintiffs have not adequately pleaded negligent misrepresentation.**

Plaintiffs also assert a claim of negligent misrepresentation, *see* Dkt. 13 ¶¶ 43-44, arguing that Flagstar misrepresented that it would provide Burke a loan modification, *see* Dkt. 22 at 10. Flagstar argues that Plaintiffs' claim is both inadequately pleaded and barred by the economic loss rule. *See* Dkt. 16 at 19. Because the Court agrees that Plaintiffs have not pleaded a plausible claim, it is unnecessary to address the economic loss rule.

A negligent misrepresentation requires that (1) the defendant made a representation in the course of its business, or in a transaction in which it had a pecuniary interest; (2) the defendant supplied "false information" for the guidance of others in their business; (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information; and (4) plaintiff justifiably relied on the representations to his detriment. *Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991). Importantly, "promises of future conduct will not support a negligent-misrepresentation claim." *Bassknight v. Deutsche Bank Nat'l Trust Co.*, 611 F. App'x 222, 224 (5th Cir. 2015) (applying Texas law; holding that lenders'

"promise not to foreclose for thirty days was a promise regarding future conduct"); *see also Mass*, 2022 WL 61161, at *7.

As Plaintiffs conceded, their negligent misrepresentation claim relies on Flagstar's asserted promise to restructure the debt "once the forbearance period had ended ...." Dkt. 22 at 10.  This is merely a promise of future conduct, rather than a "statement of existing fact."  *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 815 (N.D. Tex. 2012) (rejecting allegation of promise to provide a loan modification as a "promise[] of future conduct" that "cannot form the basis of a negligent misrepresentation claim"), *aff'd*, 538 F. App'x 391 (5th Cir. 2013).   For this reason, their negligent misrepresentation claim should be dismissed.

## I.   The claim for intentional infliction of emotional distress is inadequately pleaded.

Plaintiffs' final claim alleges intentional infliction of emotional distress. According to their pleading, "Plaintiffs endured stress, anxiety, and loss of sleep as a result of Defendant's misconduct."  Dkt. 13 ¶ 46.  Apart from this boilerplate language, and as Flagstar argues, Dkt. 16 at 20, Plaintiffs plead no facts supporting this claim.  This is not sufficient to survive dismissal.

"To prevail on a claim for intentional infliction of emotional distress, Texas law requires plaintiffs to establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme or

outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 560-61 (S.D. Tex. 2016) (citing *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989)). The challenged conduct must surpass "all bounds of decency" such that it is "utterly intolerable in a civilized community"; "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities do not rise to the level of extreme and outrageous conduct." *Id.* (citing *Dean*, 885 F.2d at 306; *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999)).

Nowhere does the Complaint allege facts suggesting that Flagstar's actions qualified as extreme and outrageous. To the contrary, there is no indication that merely denying a loan modification or seeking to exercise the right to foreclose rises to that level. The Court should dismiss Plaintiffs' claim for intentional infliction of emotional distress.

## **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Defendant Flagstar Bank's original motion to dismiss (Dkt. 12) be **DENIED AS MOOT**. It is further **RECOMMENDED** that Flagstar's superseding motion to dismiss (Dkt. 16) be **GRANTED**, that all claims be dismissed with prejudice, and that the Court enter a separate final judgment, pursuant to Federal Rule of Civil

Procedure 58(a), directing that Plaintiffs Michael Burke and Justina de Pasquale take nothing on their claims.

It is further **ORDERED** that Flagstar's motion to stay discovery (Dkt. 25) is **DENIED AS MOOT**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 2, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge